## MORSS HILL COAL CO. v. UNITED STATES.

### No. 378.

District Court, M. D. Pennsylvania.

March 9, 1944.

L. E. Renard, of Scranton, Pa., for plaintiff.

Samuel O. Clark Jr., Asst. Atty. Gen., Andrew D. Sharpe and Roland A. Cormier, Sp. Assts. to the Atty. Gen., and Frederick V. Follmer, U.S. Atty. of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a civil action for the recovery of a part of an income tax paid by plaintiff on January 19, 1937, at the time of the filing of the return for the year 1936. The plaintiff subsequently, on August 6, 1937, filed an amended return claiming deductions from gross income as business ex-

penses in a larger amount than shown in the original return filed. The deductions claimed in the amended return, and not shown in the original return, were for office expense in the amount of $90 and rent for safe deposit box in the amount of $9.90. A further deduction was claimed in the amended return for royalties paid. In the original return the plaintiff had deducted from gross income the sum of $1,516.70, being the amount actually paid as royalties during the year 1936. In the amended return the plaintiff deducted the sum of $5,432.94 being the amount of royalty provided for by the term of its mining lease on the actual number of tons mined during 1936, and which, with the exception of the sum of $1,516.70 paid in 1936, had been paid to its lessor in prior years. The Commissioner of Internal Revenue allowed a claim for depreciation set forth in the amended claim, found an over-assessment in the amount of $43.32, which was refunded, and disallowed plaintiff's claim for the balance of $512.36. It is for that amount of $512.36 together with interest from January 19, 1936, for which plaintiff now brings this action.

The facts as they appear from the pleadings and the stipulations filed may be briefly summarized as follows:

The taxpayer was incorporated under the laws of the State of Pennsylvania on January 3, 1905. By sundry conveyances dated in 1904, 1905, and 1906, M. E. Morss, and others, granted, leased and devised to the taxpayer all the coal in, under and upon a certain tract of land in the Township of Fell, Lackawanna County, Pennsylvania, known as the "Morss Tract."

The lease under which the taxpayer holds, provides that the lease should be in force until the coal on the tract is exhausted or the lease is terminated otherwise. The lease further provides that the lessee is to pay a specific royalty for all coal mined. It also provides for a minimum royalty, at the same specified rates, payable each year whether such quantity is mined or not, but, for all coal thus paid for but not actually mined the lessee is to receive credit on royalty account in any succeeding year, after full payment of the minimum quantity for such succeeding year has been made. The royalty rates were subsequently modified but all other provisions of the lease remained in full force and effect.

On December 20, 1917, the taxpayer subleased the Morss tract. This sublease resulted in income from royalties to the taxpayer.

During the calendar year 1936, the taxpayer received royalties under its sublease in the sum of $7,984.39. This included $641.67 for coal mined in the month of December, 1935, which was paid to the taxpayer in January, 1936, but it did not include any amount for coal mined in December, 1936, as that amount ($626.53) was paid to the taxpayer, only, in January, 1937. During the calendar year 1936, the coal mined by the taxpayer's lessee from the Morss tract amounted to 19,923.10 tons.

During the calendar year 1936, the taxpayer paid to its lessors a minimum royalty of $1,516.70. On January 1, 1936, the accumulated advanced royalties, for which coal had not been actually mined, amounted to $31,747.86, and on December 31, 1936, amounted to $27,889.95.

On January 19, 1937, the taxpayer filed its income and excess profits tax return for the calendar year 1936. In the return, the taxpayer deducted as royalties the sum of $1,516.70 being the actual amount of cash paid for royalties during the year 1936.

On August 6, 1937 plaintiff filed an amended tax return for 1936, showing normal tax of $113.06 and no excess profits tax.

In the amended return plaintiff reported as income from royalties the sum of $7,-969.25, the amount it earned during the calendar year.

As deductions not shown in its original return plaintiff deducted the sum of $90 paid for office rent and $9.90 paid for safe deposit box rent. It also claimed as deductions the sum of $647.56 for depletion instead of $323.38 shown in original return, and $5,432.94 for royalties being at the rate of royalty provided for in its lease (as modified) on the actual number of tons of coal mined during the year.

At the time of filing the amended return a claim for refund was filed with the Collector of Internal Revenue for the return of $555.78, the difference in the tax shown due on the original and amended returns.

After an examination of both returns, the books, records and leases of taxpayer, the Commissioner of Internal Revenue al-

lowed the depletion claimed in the amended return, found an overassessment of $43.42 which was refunded, but rejected plaintiff's claim for the balance of $512.36.

As the main item in controversy here is the matter of the minimum royalties paid by the taxpayer in previous years for which it is seeking a deduction from gross income in the year 1936, the year in which the coal was mined, it will be disposed of first.

The contention of the plaintiff is that it is entitled to a deduction in its income tax return for royalties paid on coal actually mined during the calendar year 1936 and paid for by royalties previously advanced, even though the royalties actually paid during that calendar year were only the minimum royalties is the sum of $1,516.70. Plaintiff further contends that inasmuch as the terms of the lease under which the coal was mined contemplate the eventual exhaustion of the coal, the lease is in effect a sale of the coal and the royalties received as income from its lessee and paid over to its lessor are in effect applied upon the purchase price and therefor constitute a return of capital expenditures which are allowable as deductions.

It is the contention of the defendant that only the royalties actually paid during the calendar year 1936 were allowable as deductions in the return filed for that year, and that a lease of coal to exhaustion in Pennsylvania does not make a capital expenditure, deductible for income tax purposes, of the payments of royalty.

The Revenue Act of 1936, c. 690, 49 Stat. 1648, provides in Section 23, 26 U.S.C.A. Int.Rev.Acts, page 827, entitled "Deductions from Gross Income", as follows:

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

Section 43 of the Revenue Act of 1936, supra, 26 U.S.C.A. Int.Rev.Acts, page 839, provides:

"Period for which deductions and credits taken

"The deductions and credits (other than the dividends paid credit provided in section 27) provided for in this title *shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred'*, dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *" (Italics supplied.)

Treasury Regulations 94, promulgated under the Revenue Act of 1936, provides:

"Art. 23 (a)-1. *Business expenses.*— Business expenses deductible from gross income include the ordinary and necessary expenditure directly connected with or pertaining to the taxpayer's trade or business, except the classes of items which are deductible under the provisions of articles 23 (b)-1 to 23 (q)-1. Double deductions are not permitted. Amounts deducted under one provision of the Act can not again be deducted under any other provision of the Act. The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deducted from gross sales in computing gross income. (See artitcle 22 (a)-5). Among the items included in business expenses are management expenses, commissions, labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see article 23 (a)-2) advertising and other selling expenses, together with insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business, and rental for the use of business property * * *."

Article 43-2 of the aforesaid Treasury Regulation provides:

"When charges deductible.—Each year's return, so far as practicable, both as to gross income and deductions therefrom, should be complete in itself, and taxpayers are expected to make every reasonable effort to ascertain the facts necessary to make a correct return. The expenses, liabilities, or deficit of one year can not be used to reduce the income of a subsequent year. A taxpayer has the right to deduct all authorized allowances, and it

follows that if he does not within any year deduct certain of his expenses, losses, interest, taxes, or other charges, he can not deduct them from the income of the next or any succeeding year * * *."

■ It is thus determined that under the provisions of the Revenue Act of 1936 only the royalties actually paid during the year 1936 are allowable as deductions in the return filed for that year. This is clearly shown by that part of Section 43 of the Act which has been underlined and is further demonstrated by the quoted part of Art. 43-2 of the Treasury Regulation.

■ Plaintiff's argument that, under the law of Pennsylvania, a lessee of anthracite coal who has the right to mine to exhaustion is the purchaser of the coal in place and the royalty payments are a part of the purchase price, cannot be sustained as applicable to the case at bar. The matters here under consideration involve taxation under a Federal Statute. The Federal Courts have, for tax purposes, consistently held that leases, similar in all respects to the one here under consideration, are not sales. Commissioner of Internal Revenue v. Jamison Coal & Coke Company, 3 Cir., 67 F.2d 342.

■ It was held in the case of Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199, that, although by the law of the state where the land is situated the execution of a lease is deemed to pass immediately to the lessee the title to the mineral in place, the Federal Income Tax Act is an exercise of a plenary power of Congress and is to be given a uniform construction of nation-wide application, except insofar as Congress expressly or by necessary implication makes its operation dependent on state law.

Nor is it necessary to consider these cases overruled by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and to apply the state law, as the instant case falls within the exception set forth on page 78 of 304 U.S., on page 822 of 58 S.Ct. in that case, to wit: "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state."

■ The other items in controversy are those of $90 for office rent and $9.90 for rent of safe deposit box. It is the contention of the defendant that the burden to prove these items as valid deductions paid in the taxable year 1936, rests in this action, upon the plaintiff and the burden has not been met. It is true that in the transcript of evidence, and in the stipulations filed, no mention is made of the date when these items were paid. In so far as the rent of the safe deposit box is concerned the amended return filed does not set it forth as a separate deduction, but, under "Item 25" of the return, under the heading "Deductions" appears a space in which the taxpayer can fill in "Other Deductions Authorized by Law." Therein has been inserted, inter alia, an item "Sunday Expense, $31.22." It is not contended that the item of $9.90 is not included in the item of Sundry Expense. The only contention of the defendant with respect to this item is that the complaint does not state the year in which it was paid. Item 16 of the return, under the hearing "Deductions", is entitled "Rent on Business Property" with a blank space thereafter in which the taxpayer can insert the amount. In that space in its amended return the plaintiff wrote the figures $90. It is also the contention of the defendant that the complaint does not disclose the year in which the $90 was paid as rent. The return filed by plaintiff was for the year 1936. The returns are a part of the evidence in this case. It is to be presumed that the deduction of $90 was for office rent paid during the year for which the return was made, and the same presumption applies to the deduction for the safe deposit box rental. In this respect the burden of proof imposed upon the plaintiff has been met and the claim for deduction should have been allowed.

Now, therefore, this 9th day of March, 1944, it is ordered and decreed that the Commissioner of Internal Revenue be, and he hereby is, confirmed in disallowing the claim of Morss Hill Coal Company, plaintiff herein, for deductions for royalties in the amount of $412.46, and it is further ordered and decreed that the Commissioner of Internal Revenue re-determine the tax claimed from plaintiff by allowing a deduction for office rent in the amount of $90 and a deduction for rent of safe deposit box in the amount of $9.90 and thereupon make the necessary refund to the said plaintiff, with interest from the 6th day of August, 1937.